IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VANCE HARRIS, JR., | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | C.A. NO. C-05-72 |
| | § | |
| LT. CASTRO, ET AL., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently incarcerated at the Clements Unit in Amarillo, Texas. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants at the McConnell Unit used excessive force against him (D.E. 1). Pending is plaintiff's second motion for appointment of counsel (D.E. 22).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library or other forms of legal assistance. Bounds, 97 S. Ct. 1491, 1498-99 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to plaintiff, defendants, members of a use of force team, injured him for no reason while he was lying on the floor in restraints.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff claims he is limited by a mental impairment. But during an evidentiary hearing held in this case, plaintiff was articulate and able to discuss the facts surrounding his claims with no difficulty. Plaintiff's pleadings demonstrate he is of average intelligence. Plaintiff testified at the evidentiary hearing that he completed two years of a college education. Plaintiff did complain that he is on a medication which results in his sleeping from 6:00 p.m. until after 9:00 a.m. each morning. He also claims that the medication he takes causes him to need extra time to respond to motions, orders, and pleadings. Plaintiff is in a position to adequately investigate and present his case. If plaintiff needs additional time to respond to motions, his requests for extra time will be accommodated.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because dispositive motions have yet to be filed and no trial date is set. This factor will be reexamined if and when a trial date is set.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.

Plaintiff's second motion for appointment of counsel (D.E. 22) is denied without prejudice at this time.

This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 7th day of June, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE