IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| VANCE HARRIS, JR. | § |
| | § |
| V. | §    C.A. NO. C-05-072 |
| | § |
| LT. CASTRO, ET AL. | § |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for appointment of counsel (D.E. 31).

No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

Upon considering the Jackson factors, the facts of this case demonstrate that appointment of counsel is not warranted at this time.

In his complaint, plaintiff alleged that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they employed a use of force against him, resulting in injuries to his head and left eye. This claim does not present any complexities that are unusual in prisoner actions.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court; he was able to articulate his claims at an evidentiary hearing, and service was ordered on defendants. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel, D.E. 31, is DENIED without prejudice subject to renewal should counsel be warranted at a later date.

ORDERED this 12th day of July, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE