UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| VANCE HARRIS, JR, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-05-72 |
| § | |
| CASTRO, *et al*, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Pending is plaintiff's request for a preliminary injunction (D.E. 74). The motion is denied without prejudice. In order to obtain a preliminary injunction, plaintiff must demonstrate that: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. Justin Indus. v. Choctaw Sec., L.P., 920 F.2d 262, 268 n. 7 (5th Cir. 1990). A preliminary injunction is an extraordinary remedy; it should be granted only if the plaintiff clearly carries the burden of persuasion as to all four factors. Mississippi Power & Light v. United Gas Pipe Line, 760 F.2d 618, 621 (5th Cir. 1985).

Plaintiff is requesting injunctive relief against persons who are not parties to this lawsuit. Moreover, plaintiff cannot demonstrate a likelihood of success on the merits of his claims. Plaintiff's claim of retaliation is based only on his personal belief that he is the subject

of retaliation. Plaintiff has stated no facts demonstrating a chronology of events from which retaliation can plausibly be inferred. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff's motion is denied without prejudice.

ORDERED this 10th day of February, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE