UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| VANCE HARRIS, JR, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-05-72 |
| § | |
| CASTRO, *et al*, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER OF SEVERANCE AND TRANSFER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit on February 7, 2005, alleging that officials at TDCJ-CID's McConnell Unit in Beeville, Texas, used excessive force against him (D.E. 1). The defendants have answered and a motion for summary judgment is pending.

After the events which formed the basis for this lawsuit occurred, plaintiff was transferred to the Clements Unit. On October 18, 2005, plaintiff complained about his treatment at the Clements Unit (D.E. 44). His complaints were dismissed without prejudice because of lack of jurisdiction over defendants located in the Northern District of Texas. Plaintiff was then transferred to the Wynne Unit in Huntsville, Texas. He began to complain about his treatment at Huntsville (D.E. 56, 57), and those complaints were also dismissed (D.E. 61). Plaintiff next filed a motion for a preliminary injunction against officials at the Wynne Unit in Huntsville (D.E. 67, 68, 74). A hearing was held on February 1, 2006. The motions were denied (D.E. 72, 78), and plaintiff was instructed that he should exhaust his administrative remedies and file a complaint in the Houston Division if he is seeking injunctive relief against officials at the Wynne Unit.

2 / 2

On March 21, 2006, plaintiff filed, in Houston, a supplemental complaint complaining about the Wynne Unit Administrative Segregation officials (D.E. 85).  Because plaintiff had titled the document a "supplemental" complaint, the Houston Clerk's Office docketed the pleading in this case, though clearly plaintiff intended to file a new lawsuit in the Houston Division.

The Wynne Unit is located in Huntsville, Texas, which is in Walker County.  Walker County is located in the Houston Division of the Southern District of Texas.  28 U.S.C. § 124(b)(2).  Venue in federal question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  A district court has the authority to transfer a case in the interest of justice to another district or division in which the action might have been brought.  28 U.S.C. §§ 1404, 1406; <u>Balawajder v. Scott</u>, 160 F.3d 1066, 1067 (5th Cir. 1998).  The alleged events giving rise to plaintiff's claim occurred in Walker County, Texas, and the defendants are located in Walker County.

Accordingly, the Clerk shall sever Instrument #83, plaintiff's supplemental complaint, and transfer it to the Houston Division of the Southern District of Texas, to be opened as a new complaint.

ORDERED this 31st day of March, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE